UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **AARON LEE CONNER** | **CIVIL ACTION NO. 20-0309** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner Aaron Lee Conner, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. He attacks his sexual battery conviction and the five-year sentence imposed by the First Judicial District Court, Caddo Parish.

## Background

On October 18, 2018, Petitioner pled guilty to sexual battery, and the trial court sentenced him to five years of imprisonment. [doc. # 1, p. 1]. Petitioner appealed, raising several claims of ineffective assistance of counsel. *Id.* at 2. His appeal is pending. *Id.* at 2, 12.

Petitioner did not file any other appeals, petitions, applications, or motions concerning his conviction. *Id.* at 3. He did not appeal to the highest state court. *Id.* at 5, 12. He maintains that, instead of seeking review before the Supreme Court of Louisiana, he sought review here because he believes "the federal courts are the most professional and educated to correct the mistake of [his] conviction." *Id.* at 5. Similarly, he concedes that he did not exhaust his claims, explaining: "Magistrate judges are more honest, intelligent, fair, professional, and educated to handle this problem. Also this is a federal issue because my Constitutional rights are being violated." *Id.*

Petitioner filed this Petition on approximately March 23, 2020. *Id.* at 15. He claims: (1) his accuser lied to a detective and a nurse during the investigation; (2) he received ineffective assistance of counsel (three permutations). *Id.* at 5, 7, 8, 10.

## **Law and Analysis**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation.[1] It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that a petitioner must present his claims to each appropriate state court. *Baldwin*, 541 U.S. at 29.

---

[1] A petitioner does not "fairly present" a claim to a state court if that court must read either a brief before a lower court or a lower court's opinion to locate the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

2

The highest court in Louisiana is the Louisiana Supreme Court. See LSA–Const. art. 5, § 5(a). Thus, a Louisiana prisoner must fairly present the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises in his federal petition. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*

Here, Petitioner concedes that his direct appeal remains pending and that he did not present the substance of any of his claims to the Supreme Court of Louisiana.[2] Thus, Petitioner did not exhaust any of his claims.

Under 28 U.S.C. §2254(b)(1), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- . . . (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[3] Petitioner does not argue that there is an absence of available State corrective process; in fact, he concedes he is utilizing that process now, considering that his appeal is pending. In addition, while Petitioner

---

[2] See *Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984) (A "district court is authorized to dismiss a petition which reveals *either* on its face, *or* considered with material of which the court may and does properly take judicial notice, that the exhaustion requirement has not been satisfied.").

[3] Of note, "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

maintains that he prefers federal judges, he does not argue that circumstances exist that render State corrective processes ineffective to protect his rights.

The Fifth Circuit once "held that 'inordinate and unjustified delay in the state corrective process' may justify excusing the court-fashioned exhaustion requirement in habeas cases." *Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) (quoting *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam), and citing *Ex Parte Royall*, 117 U.S. 241 (1886)). However, the Fifth Circuit has "not applied [the] unjustified-delay excuse after Congress passed AEDPA in 1996." *Id.* Here, regardless, Petitioner does not argue that the state appellate court is inordinately and unjustifiably delaying corrective process.

Finally, in *Urquhart v. Brown*, 205 U.S. 179, 182 (1907), the Court mentioned: "The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency, that require to be promptly disposed of; such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.'" These exceptional cases involve, for instance, "interferences by the state authorities with the operations of departments of the general government, and . . . the delicate relations of that government with a foreign nation." *U.S. ex rel. Kennedy v. Tyler*, 269 U.S. 13, 19 (1925). The instant proceeding is not such an exceptional case.

Petitioner is hereby advised that there is a one-year statute of limitation for filing habeas corpus petitions in federal court, 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that he files in this Court. Petitioner is further advised that the filing of a federal habeas corpus petition, such as the one filed in this case, does not toll the statute of limitation. *Duncan v. Walker,* 533 U.S. 167, 181-182 (2001).

4

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Aaron Lee Conner's Petition be **DISMISSED WITHOUT PREJUDICE**.

This Report and Recommendation serves as notice to Petitioner that the Court may sua sponte dismiss his claims for failure to exhaust. Petitioner may respond by objecting to this Report and Recommendation. See *Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of June, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE